IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| BONNIE PARR § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | Civil Action No. SA-13-CV-930-XR |
| DEUTSCHE BANK NATIONAL TRUST § | |
| COMPANY F/K/A BANKERS TRUST § | |
| COMPNAY OF CALIFORNIA N.A., AS § | |
| TRUSTEE FOR THE HOLDERS OF THE § | |
| VENDEE MORTGAGE TRUST 1999-1 § | |
| § | |
| *Defendant(s).* § | |

**ORDER**

On this date, the Court considers its jurisdiction over this removed case. For the following reasons, the Court determines that Defendants W.A. Marty LaCouture and Wes Hiatt were improperly joined to Plaintiff's state-court petition. Accordingly, the Court DISMISSES WITHOUT PREJUDICE Plaintiff's claims against Mr. LaCouture and Mr. Hiatt pursuant to Federal Rule of Civil Procedure 21. Mr. LaCouture's and Mr. Hiatt's motion to dismiss without prejudice pursuant to Texas Property code section 51.007 (docket no. 4) is, therefore, DISMISSED AS MOOT.

**I. Background**

On August 30, 2013, Plaintiff Bonnie Parr filed her lawsuit in the 224th Judicial District Court of Bexar County, Texas. Docket No. 1-1. Plaintiff styled her suit, "Bonnie Parr, Plaintiff, v. Deutsche Bank National Trust Company f/k/a Bankers Trust Company of California N.A., as trustee for the holders of the Vendee Mortgage Trust 1999-1, Defendant(s)." Notwithstanding this caption, Plaintiff names Mr. LaCouture and Mr. Hiatt as additional defendants within the

body of her petition. *Id.* ¶ 3.  Both Mr. LaCouture and Mr. Hiatt are described as "Substitute Trustee [sic] under a Notice of Trustees [sic] Sale scheduled for September 3, 2013 filed with the real property records of Bexar County, Texas." *Id.*

Plaintiff's petition alleges that Plaintiff is the owner of real property located at 1751 Copperfield, San Antonio, Texas 78251. *Id* ¶ 1.  Defendant Deutsche Bank National Trust Company f/k/a Bankers Trust Company of California N.A., as trustee for the holders of the Vendee Mortgage Trust 1999-1 ("Deutsche Bank") is the alleged owner of a promissory note secured by Plaintiff's property. *Id.* ¶ 4.  Deutsche Bank allegedly requested Mr. LaCouture and/or Mr. Hiatt to sell the property at a foreclosure sale on September 3, 2013, pursuant to their capacity as substitute trustees. *Id.*  Plaintiff's lawsuit, filed four days before the scheduled foreclosure sale, seeks to enjoin Defendants from conducting the sale.  Plaintiff alleges that there are "impediments to the sale." *Id.* ¶ 7.  Plaintiff elaborates:

> Plaintiff was offered an opportunity for [a] mortgage modification and [] Plaintiff has not had enough time to respond.  Further, [] Plaintiff is exploring other options under state and federal law to which she may be entitled in order to reform, modify, or qualify for alternative programs designed to aid [P]laintiff on a temporary basis.

*Id.*  Plaintiff's lawsuit asserts claims solely against Deutsche Bank for breach of contract; violations of sections 51.002, 51.0074, and/or 51.0075 of the Texas Property Code; violations of the Texas Debt Collection Practices Act; trespass to try title; and reformation. *Id.* ¶ 10.

On August 30, 2013, the state court issued a temporary restraining order, enjoining the scheduled foreclosure sale. Docket No. 1-1.  On September 30, 2013, Mr. Hiatt filed an answer with the state court. Docket No. 1-1  In his answer, he included a verified denial stating that he believed he was named as a party to the lawsuit solely in his capacity as a trustee under a deed of

trust.  Likewise, Ms. LaCouture filed an answer on October 2, 2013 with substantially the same verified denial. Docket No. 1-1.  On October 4, 2013, Deutsche Bank answered Plaintiff's petition. Docket No. 1-1.  On October 10, 2013, Deutsche Bank removed the action to this Court. Docket No. 1.

In its notice of removal, Deutsche Bank argues that the Court has subject-matter jurisdiction over Plaintiff's claims pursuant to diversity jurisdiction.  Deutsche Bank asserts that Plaintiff is a citizen of Texas, that Deutsche Bank is a citizen of California, and that the amount in controversy is, at a minimum, the fair market value of the property.  This value, according to the Bexar County, Texas Tax Appraisal District, is $127,950. Docket No. 1-1, Ex. C.  Further, Deutsche Bank asserts that it believes Mr. LaCouture and Mr. Hiatt are citizens of Texas. Nevertheless, Deutsche Bank believes that Mr. LaCouture and Mr. Hiatt were improperly joined to Plaintiff's lawsuit because Plaintiff does not assert causes of action against Mr. LaCouture or Mr. Hiatt, and Plaintiff names Mr. LaCouture and Mr. Hiatt solely as substitute trustees.

On November 1, 2013, Mr. LaCouture and Mr. Hiatt moved to be dismissed from this lawsuit pursuant to Texas Property code section 51.007. Docket No. 4.  Plaintiff has not responded.

## II. Legal Standard

A state-court civil action may only be removed to federal court if the federal court would have had original jurisdiction had the case been filed in federal court.  28 U.S.C. § 1441(a). Federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).  Diversity jurisdiction requires complete diversity—

that is, the citizenship of each plaintiff must be diverse from the citizenship of each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 66 (1996).

Not all named defendants are considered for diversity analysis. *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006). A court may ignore improperly joined, non-diverse defendants. *Id.* To establish improper joinder, the removing party must show "(1) actual fraud in the pleading of jurisdictional facts, or (2) [the] inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). Once a court determines a defendant to be improperly joined, the defendant is effectively dismissed from the action. *Akerblom v. Ezra Holdings Ltd.*, 509 F. App'x. 340, 347 (5th Cir. 2013) (per curiam). An improperly joined defendant may be dismissed under Federal Rule of Civil Procedure 21. *Id.*[1]

### III. Discussion

Although Plaintiff has not contested jurisdiction or filed a motion to remand, the Court has "a continuing obligation to examine the basis for [its] jurisdiction" and may raise the issue *sua sponte* at any time. *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Here, Deutsche Bank removed the case based on diversity jurisdiction. Plaintiff is undisputedly a citizen of Texas. Deutsche Bank is a national banking association with its main office, as designated in its articles of association, in California. Docket No. 1, at 2. Therefore, Deutsche Bank is a citizen of California. *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) (stating that a national bank is a citizen of the State designated in its articles of association as its main office). Since Plaintiff seeks to enjoin a foreclosure sale, the

---

[1] Federal Rule of Civil Procedure 21 provides: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

amount in controversy is the value of Plaintiff's property. *See Farkas v. GMAC Mortg., L.L.C.*, No. 12-20668, 2013 WL 6231114, at *2 (5th Cir. Dec. 2, 2013) (explaining that for those cases in which a plaintiff seeks to enjoin a foreclosure sale, the value of the property represents the amount in controversy). Plaintiff's property has a fair market value of approximately $127,950. Docket No. 1-1, Ex. C. Thus, the Court has subject-matter jurisdiction, pursuant to diversity jurisdiction, if Defendants Mr. LaCouture and Mr. Hiatt are either non-citizens of Texas or if they were improperly joined. *See* 28 U.S.C. § 1332(a)(1).[2] Since Deutsche Bank admits that Mr. LaCouture and Mr. Hiatt are citizens of Texas, the only issue to be decided is whether Mr. LaCouture and Mr. Hiatt were improperly joined. Docket No. 1-1 at 1.

Improper joinder can be shown by "(1) actual fraud in the pleading of jurisdictional facts, or (2) [the] inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573. Wells Fargo has not alleged actual fraud; thus, the only relevant inquiry is whether Plaintiff can establish a cause of action against Mr. LaCouture or Mr. Hiatt. Alternatively, this inquiry can be stated as whether "there is no reasonable basis for the district court to predict that [P]laintiff might be able to recover against [Mr. LaCouture or Mr. Hiatt]." *Id.* To make this prediction, the Court may "conduct a Rule 12(b)(6)-type analysis." *Id.*

Here, the Rule 12(b)(6)-type improper joinder analysis conclusively shows that Plaintiff has not stated—or even attempted to state—a cause of action against either Mr. LaCouture or Mr. Hiatt; therefore, Mr. LaCouture and Mr. Hiatt should be dismissed. Plaintiff's allegations of wrongdoing concern solely Deutsche Bank. Likewise, her causes of action are asserted solely

---

[2] Diversity jurisdiction is also available if Mr. LaCouture and Mr. Hiatt are nominal parties. *See Farias v. Bexar County Bd. of Trustees*, 925 F.2d 866, 871 (5th Cir. 1991). Since nominal party analysis is substantially identical to improper joinder analysis, the Court will only analyze whether Mr. LaCourture and Mr. Hiatt were improperly joined. *See S. Lavon Evans, Jr. Drilling Venture v. Laredo Energy Holdings*, 2:11-CV-12, 2011 WL 1104150 at *4 n.2 (S.D. Miss. March 23, 2011) (noting that the "two analyses appear to be substantially identical").

against Deutsche Bank.  Furthermore, Plaintiff has not listed either Mr. LaCouture or Mr. Hiatt as defendants in the style of the case.  Therefore, the Court finds that Plaintiff is not pursuing claims—and cannot establish causes of action—against either Mr. LaCouture or Mr. Hiatt. *See* FED. R. CIV. P. 8(a) ("[A] claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief [] and [] a demand for the relief sought."). Accordingly, Mr. LaCouture and Mr. Hiatt were improperly joined. *Smallwood*, 385 F.3d at 573.[3]

Since Mr. LaCouture and Mr. Hiatt were improperly joined, the Court dismisses Mr. LaCouture and Mr. Hiatt from the lawsuit pursuant to Federal Rule of Civil Procedure 21. *See Akerblom*, 509 F. App'x at 347.

### IV. Conclusion

The Court finds that Defendants W.A. Marty LaCouture and Wes Hiatt were improperly joined to this action.  Accordingly, Mr. LaCouture and Mr. Hiatt are DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 21.  Mr. LaCouture's and Mr. Hiatt's motion to dismiss without prejudice pursuant to Texas Property Code section 51.007 (Doc. No. 4) is, therefore, DISMISSED AS MOOT.[4]

---

[3] Additionally, the Court notes that a foreclosure trustee is not a necessary party to an action to enjoin a foreclosure sale. *See* TEX. PROP. CODE § 51.007(e) ("A dismissal of the trustee . . . shall not prejudice a party's right to seek injunctive relief to prevent the trustee from proceeding with a foreclosure sale.").

[4] In their motion to dismiss, Mr. LaCouture and Mr. Hiatt argue that Texas Property Code section 51.007 mandates that they be dismissed without prejudice because each filed a verified denial in state court asserting that they had been named solely in their capacities as foreclosure trustees and because Plaintiff did not timely file a response rebutting the verified denial.

All claims against Defendant Deutsche Bank remain active. Accordingly, the Clerk is instructed not to close this matter.

It is so ORDERED.

SIGNED this 30th day of January, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE