IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| BONNIE D. PARR, § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> DEUTSCHE BANK NATIONAL TRUST § <br> COMPANY F/K/A BANKERS TRUST § <br> COMPANY OF CALIFORNIA N.A., AS § <br> TRUSTEE FOR THE HOLDERS OF THE § <br> VENDEE MORTGAGE TRUST 1999-1, § <br> § <br> *Defendant*. § | Civil Action No.  SA-13-CV-930-XR |

## ORDER

On this date, the Court considered Defendant Deutsche Bank National Trust Company's motion for judgment on the pleadings or, alternatively, motion for summary judgment (docket no. 14). For the following reasons, the Court GRANTS Defendant's motion for judgment on the pleadings.[1]

## I. Background[2]

Plaintiff Bonnie Parr is the record owner of real property located at 1751 Copperfield, San Antonio, Texas 78251. *Id.* ¶ 1. Plaintiff's property is subject to a mortgage payable by Plaintiff and held by Defendant Deutsche Bank National Trust Company f/k/a Bankers Trust Company of California N.A., as trustee for the holders of the Vendee Mortgage Trust 1999-1.

---

[1] Since the Court grants Defendant's motion for judgment on the pleadings, it does not also consider Defendant's motion for summary judgment.

[2] The background facts are drawn from the allegations in Plaintiff's petition. Docket No. 1-1; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Id.* ¶¶ 4, 5.  Plaintiff asserts that Defendant declared the mortgage accelerated and scheduled the property for a foreclosure sale for September 3, 2013. *Id.* ¶ 5.

On August 30, 2013, Plaintiff filed her lawsuit in the 224th Judicial District Court of Bexar County, Texas. Docket No. 1-1.  Plaintiff insists that there are "impediments" to sale. *Id.* ¶ 7.  She states:

> Plaintiff was offered an opportunity for [a] mortgage modification and the Plaintiff has not had enough time to respond.  Furthermore, the Plaintiff is exploring other options under state and federal law to which she may be entitled in order to reform, modify, or qualify for alternative programs designed to aid the [P]laintiff on a temporary basis[,] including Federal HASP (Homeowner Affordability and Stability Plan) and MHA (Making Home Affordable)[.]  [T]he Plaintiff would need to ascertain compliance by Defendant with these Federal enacted legislation [*sic*] which can not [*sic*] be done without discovery.

*Id.*[3]  Plaintiff asserts five causes of action against Defendant: breach of contract; violations of sections 51.002, 51.0074, and/or 51.0075 of the Texas Property Code; violations of sections 392.301(b)(3), 392.301(a)(8), 392.303(b), and 392.304(8)(j) of the Texas Debt Collection Practices Act; trespass to try title; and reformation. *Id.* ¶ 10.

On August 30, 2013 the state court issued a temporary restraining order ("TRO"), enjoining a foreclosure sale of the property. Docket No. 1-1.  On October 10, 2013, Defendant removed the action to this Court. Docket No. 1.  On January 30, 2014, the Court found that it had jurisdiction over this removed action. Docket No. 9.[4]

---

[3] Defendant notes that Plaintiff has not conducted discovery in this case and that the discovery deadline passed on June 9, 2014. Mot. for Judgment on the Pleadings at 10 n.40; *see* Scheduling Order, Docket No. 8.

[4] Plaintiff's petition names Wes Hiatt and W.A. Marty LaCouture as additional defendants based on their identification as "Substitute Trustees" charged with executing the scheduled foreclosure sale of the property. Docket No. 1-1 ¶ 4.  In its Order of January 30, 2014, the Court found that Mr. Hiatt and Mr. LaCouture were improperly joined in this lawsuit, and, accordingly, the Court dismissed Mr. Hiatt and Mr. LaCouture. Docket No. 9.  Since Mr. Hiatt and Mr. LaCouture were improperly joined, the Court found that it had diversity jurisdiction. *Id.*; *see* 28 U.S.C. § 1332(a)(1).

On July 9, 2014, Defendant filed a motion for judgment on the pleadings or, alternatively, a motion for summary judgment. Docket No. 14. Defendant argues that Plaintiff has failed to plead sufficient facts to support her claims. Additionally, Defendant notes that certain sections of the Texas Property Code and Texas Debt Collection Practices Act, relied upon by Plaintiff, do not provide causes of action.[5] Plaintiff has not responded to Defendant's motion.

## II. Legal Standard

A Rule 12(c) motion for judgment on the pleadings is decided under the same standard as a Rule 12(b)(6) motion to dismiss. *Guidry v. Am. Nat'l Life Ins. Co.,* 512 F.3d 177, 180 (5th Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While detailed factual allegations are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Although the court must take all of the factual allegations in the complaint as true, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The factual allegations in the complaint must be sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are merely

---

[5] Defendant also submits summary judgment evidence, which the Court does not consider since it finds Plaintiff has not stated a claim.

consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). However, a complaint can survive a motion to dismiss even if actual proof of the facts alleged is "improbable." *Twombly*, 550 U.S. at 556.

### III. Discussion

Plaintiff asserts five causes of action. The Court considers each in turn and finds Plaintiff has not stated a claim.[6]

**A. Breach of Contract**

To sufficiently plead a breach of contract claim a plaintiff must present evidence showing: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

Here, Plaintiff has not explained to what contract her claim relates. If it relates to the original mortgage, she has not alleged that she tendered performance, that Defendant breached the contract, or that she sustained damages as a result of Defendant's breach. If it relates to any other contract, such as a modification, Plaintiff has not alleged the existence of a valid contract, let alone performance by Plaintiff, breach by Defendant, and damages. In sum, Plaintiff has not stated a breach of contract claim on her threadbare allegations.

---

[6] Since Plaintiff has not stated a claim, she is not entitled to any relief, including injunctive relief. *See Denman v. Wells Fargo Bank, N.A.*, SA-13-CV-11-XR, 2013 WL 1866580, at *2 (W.D. Tex. May 2, 2013) ("[A] request for injunctive relief must be dismissed unless it is supported by a viable claim.").

### B. Violations of the Texas Property Code

Second, Plaintiff alleges Defendant violated sections 51.002, 51.0074, and/or 51.0075 of the Texas Property Code. Section 51.002 establishes procedures for the sale of real property at a foreclosure auction, including the requirements for presale notice to the mortgagor. TEX. PROP. CODE § 51.002. Plaintiff has not alleged facts implying that any sale procedure was violated (or that there has even been a sale). Moreover, Plaintiff has not alleged that any presale notice requirements were deficient and should prevent sale (or should void a completed sale). Therefore, Plaintiff has not stated a claim under this section.

Likewise, sections 51.0074 and 51.0075 of the Texas Property Code describe the duties and authority of a trustee, charged with selling real property at a foreclosure auction. *Id.* §§ 51.0074, 51.0075. Plaintiff does not allege that a trustee engaged in any prohibited action or acted outside the scope of the trustee's authority. *Cf.* Docket No. 9 (dismissing the named trustees as improperly joined). Therefore, the Court finds Plaintiff has not stated a claim under the Texas Property Code.

### C. Violations of the Texas Debt Collections Practices Act

Third, Plaintiff asserts that Defendant violated Sections 392.301(b)(3), 392.301(a)(8), 392.303(b), and 392.304(8)(j) of the Texas Debt Collection Practices Act ("TDCA"). Section 392.301(b)(3) states that a debt collector is *not* prohibited from "exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." TEX. FIN. CODE § 392.301(b)(3). This section does not proscribe the conduct of a debt collector; instead it states actions a debt collector is *not* prohibited from pursuing. *See Broyles v. Chase Home Fin.*, 3:10-CV-2256-G, 2011 WL 1428904, at *4 (N.D.

5

Tex. Apr. 13, 2011) (noting that Section 393.301(b)(3) "expressly allows a debt collector to threaten to exercise or exercise a contractual or statutory right"). Therefore, Plaintiff cannot state a claim under this section.

In contrast, section 392.301(a)(8) prohibits a debt collector from "threatening to take an action prohibited by law." TEX. FIN. CODE § 392.301(a)(8). Here, however, Plaintiff has not stated allegations suggesting that Defendant threatened an action prohibited by law. In Texas, a mortgagee may conduct a non-judicial foreclosure sale. *See* TEX. PROP. CODE § 51.002. Plaintiff states she was offered an opportunity for a mortgage modification but did not have enough time to respond. Pet. ¶ 7. She also states she wishes to ascertain Defendant's compliance with certain federal homeowner relief programs. *Id.* Plaintiff has not explained how these allegations alter, in any way, a mortgagee's usual right to conduct a non-judicial foreclosure sale upon default. Without additional facts, the Court finds Plaintiff has not stated a plausible claim. *See Cruz v. CitiMortgage, Inc*., 2012 WL 1836095, at * 6 (N.D. Tex. May 21, 2012) ("The vast majority of courts that have addressed similar claims by plaintiffs asserting entitlement to a permanent [Home Affordable Modification Program ("HAMP")] modification, based on a variety of different legal theories, have universally rejected these claims on the ground that HAMP does not create a private right of action for borrowers against lenders and servicers.").

Next, section 392.303(b) of the TDCA provides, "a creditor may charge a reasonable reinstatement fee as consideration for renewal of a real property loan or contract of sale, after default, if the additional fee is included in a written contract executed at the time of renewal." TEX. FIN. CODE § 392.303(b). Plaintiff does not allege that Defendant imposed any

reinstatement fee, let alone an unreasonable one. Consequently, Plaintiff has not stated a claim for relief under section 392.303(b).

Finally, Plaintiff alleges a violation of section 392.304(8)(j) of the TDCA. Section 392.304(8) does not have any subparts. To extent Plaintiff asserts a claim under section 392.304(8), it states that a debt collector may not employ the practice of "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding." TEX. FIN. CODE § 392.304(8). Plaintiff's scant allegations do not suggest that Defendant misrepresented the character, extent, or amount of a consumer debt.

**D. Trespass to Try Title**

Plaintiff's fourth claim is for trespass to try title. Trespass to try title is a statutory cause of action used as a "method of determining title to lands, tenements, or other real property." TEX. PROP. CODE § 22.001; *see also Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d 800, 816 (N.D. Tex. 2012), *aff'd* No. 12-10920, 2013 WL 4017507 (5th Cir. 2013). Among other things, a suit for trespass to try title requires dispossession from property, since the action "is in its nature a suit to recover the possession of land unlawfully withheld from the owner and to which [the owner] has the right of immediate possession." *Rocha v. Campos*, 574 S.W.2d 233, 235 (Tex. Civ. App.—Corpus Christi 1978); *see* TEX. R. CIV. P. 783 (listing the requisites of a trespass to try title petition, which include a statement of dispossession); *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 767 (N.D. Tex. 2012) ("Since Plaintiff has failed to allege that she has lost possession of the property, her claim for trespass to try title fails and should be dismissed with prejudice."). Here, Plaintiff has not alleged that

she has been disposed of property.[7]  Therefore, Plaintiff has not stated a trespass to try title claim.

**E. Reformation**

Finally, Plaintiff asserts a claim for reformation.  To be entitled to reformation, a party must show that it reached an otherwise enforceable agreement with another party but that their agreement fails to express the actual understanding of the parties.  *Thalman v. Martin*, 635 S.W.2d 411, 413 (Tex. 1982).  The movant must show that the discrepancy is either the result of a mutual mistake by the parties, or is a unilateral mistake in combination with fraud or inequitable conduct. *Nat'l Resort Cmtys., Inc. v. Cain*, 526 S.W.2d 510, 514 (Tex. 1975).  Here, Plaintiff has not identified an otherwise enforceable agreement subject to reformation; nor, has she identified mutual mistake of the parties, or unilateral mistake in combination with fraud or inequitable conduct.  Consequently, Plaintiff has failed to state a claim for reformation.

## IV. Conclusion

For the foregoing reasons, the Court finds Plaintiff has not stated a claim.  Therefore, the Court GRANTS Defendant's motion for judgment on the pleadings (docket no. 14). *See* FED. R. CIV. P. 12(c); *Guidry*, 512 F.3d at 180.[8]  Accordingly, Plaintiff's case is DISMISSED WITH PREJUDICE.  The Clerk of Court is directed to enter final judgment pursuant to Rule 58 and to close this case.  Defendant is awarded costs of court and may file a bill of costs pursuant to the Local Rules.

---

[7] In fact, earlier in this litigation, Plaintiff received a TRO from the state court, enjoining her dispossession. Docket No. 1-1.

[8] Since the Court grants Defendant's motion for judgment on the pleadings, it does not consider Defendant's motion for summary judgment. *See* Docket No. 14.

It is so ORDERED.

SIGNED this 11th day of August, 2014.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE